**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEIU LOCAL 1107, | No. 20-70312 |
| Petitioner, | |
| v. | NLRB No. 369 NLRB No. 16. |
| NATIONAL LABOR RELATIONS BOARD, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted December 10, 2020
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and KENNELLY,**
District Judge.

In a concurrently filed memorandum disposition in the related case, *Local Joint Executive Board of Las Vegas v. NLRB*, No. 19-73322, we remanded the case, without vacatur of the challenged decision, to the National Labor Relations

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Board ("NLRB" or "the Board") with instructions that it address an identified gap in the decisionmaking process by which it determined that "dues checkoff" is excepted from the doctrine articulated by the Supreme Court in *NLRB v. Katz*, 369 U.S. 736, 743 (1962). This case presents the same question regarding the reasonableness of the Board's decisionmaking, and we reach the same result here for the reasons stated in *Local Joint Executive Board of Las Vegas*.

Accordingly, we remand to the NLRB so that it may have an opportunity to provide an adequate explanation for its approach to dues checkoff by explicitly addressing the precedents identified in our decision in *Local Joint Executive Board of Las Vegas*. We do not vacate the Board's dues checkoff rule. The rule articulated by the Board may stand while it undertakes the process of supplementing its reasoning. In light of this disposition, and the likelihood of further proceedings before the Board, we do not address the propriety of the Board's retroactive application of the challenged rule at this stage. This panel retains jurisdiction over any subsequent petition for relief.

**PETITION GRANTED, and REMANDED**.